IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| JOEL B. GRIER, ) | |
| KIMBERLY A. GRIER, ) | Bankruptcy No. 11-00313 |
| ) | |
|    Debtors. ) | |
| --- | --- |
| IN RE: ) | |
| ) | Chapter 13 |
| SHERYL K. ANDERS, ) | |
| ) | Bankruptcy No. 11-00287 |
|    Debtor. ) | |

**RULING ON OBJECTIONS TO CONFIRMATION
OF CHAPTER 13 CASES**

These matters are before the Court jointly on the same objections to Debtors' Chapter 13 Plans. The sole issue was argued before the Court at Debtors' confirmation hearing and a consolidated telephonic hearing. Debtor Sheryl Anders was represented by Derek Hong of the Hong Law Firm. Debtors Joel B. Grier and Kimberly A. Grier were represented by Janet Hong of the Hong Law Firm. Chapter 13 Trustee Carol Dunbar represented herself. The United States Trustee's Office was represented by John Schmillen. After hearing the parties' arguments, the Court took the matters under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

**STATEMENT OF THE CASE**

The Chapter 13 Trustee, joined in briefing by the United States Trustee, objects to the Chapter 13 Plans of both cases on the same grounds. Debtors in both cases, represented by the same law firm, have refused to sign "Debtor(s)' Acknowledgement Regarding Disposable Income Including Tax Refunds," (hereafter "Acknowledgement"). A signed Acknowledgment has been a prerequisite to plan confirmation in this District for the last several years. Debtors assert that the Supreme Court's recent decision in Hamilton v. Lanning, 130 S. Ct. 2464 (2010), along with a follow-up decision from this Court interpreting that case, have rendered the Acknowledgement an inappropriate and/or unlawful prerequisite to confirmation. The Chapter 13 Trustee, supported by the U.S. Trustee, argues the Acknowledgement continues to be valid and should be signed by Debtors before their Chapter 13 Plans can be confirmed. The Court agrees with Debtors and overrules the Objections to Confirmation.

**BACKGROUND AND PROCEDURAL HISTORY**

On February 18, 2011, Debtor Sheryl Anders (Anders) filed a Chapter 13 Petition and Plan. On March 23, 2011, the Chapter 13 Trustee filed an Objection to Confirmation of the Plan based on some minor deficiencies in the Plan and the fact

2

that Anders had not signed or submitted the Acknowledgement. Before the confirmation hearing on April 29, 2011, Anders and the Chapter 13 Trustee resolved the objections relating to everything other than Debtor's failure to sign and submit the Acknowledgement.

On February 22, 2011, Debtors Joel and Kimberly Grier (Griers) filed a joint Chapter 13 Petition and Plan. On March 23, 2011, the Chapter 13 Trustee filed an Objection to Confirmation very similar to the one filed in the Anders case. Similar to the Anders case, before the confirmation hearing on April 29, 2011, Griers and the Chapter 13 Trustee resolved all outstanding issues other than Debtors' failure to sign and submit the Acknowledgement.

The sole issue before the Court is whether Debtors must sign the Acknowledgement as a prerequisite to confirmation of their Chapter 13 Plans. Following the confirmation hearings, the Court held one consolidated telephonic argument to specifically address the issue. Counsel for Anders and the Griers, the Chapter 13 Trustee, and U.S. Trustee all made arguments. The parties have also submitted excellent and extensive briefing on the issue.

The Acknowledgement form used in this District for the last several years states:

> The undersigned Debtors in this Chapter 13 understand and acknowledge the following:

3

> 1. All tax refunds, economic stimulus tax rebates, employment bonuses, or any other payments received while this case is being administered may constitute disposable income. Debtors agree to submit all such payments to the Trustee pursuant to the confirmed Chapter 13 plan. If any disputes arise, the funds shall be sent to the Chapter 13 Trustee who shall retain such funds until the controversy is resolved by the Court.
>
> 2. Debtors acknowledge that NONE of such funds will be spent unless they obtain a Court order specifically authorizing them to do so.
>
> 3. Consent by Trustee or Debtors' attorney does not constitute permission to spend these funds. Such permission requires a Court order.
>
> 4. Debtors acknowledge that, if they fail to submit any of the foregoing funds received while this case is being administered without permission of the Court, they may be found to be in violation of a Court order or in default under their confirmed Chapter 13 plan and their Chapter 13 case may be dismissed.
>
> Debtors acknowledge that they understand these requirements and agree to abide by these requirements during the administration of their Chapter 13 plan.

Trustee's Exhibit A.

While Debtors object to the entire Acknowledgement, the focus of their arguments has been the paragraph 1 requirement that they submit all tax refunds, economic stimulus tax rebates, employment bonuses, or any other payments received during the plan period to the Chapter 13 Trustee for the benefit of creditors

4

unless or until the Court orders otherwise. Debtors argue this practice is contrary to recent case law from the United States Supreme Court, Hamilton v. Lanning, 130 S. Ct. 2464 (2010), and from this District, In re Moffett, No. 10-03023, slip op. (Bankr. N.D. Iowa, March 31, 2011). Debtors argue those cases establish that some or all of the items listed in the Acknowledgement can no longer be considered projected disposable income. Thus, they argue they should not be required to pay the funds to Trustee as a prerequisite to confirmation. Debtors specifically argue that the recent cases establish that tax refunds cannot be considered projected disposable income. Debtors then reason that the other items listed in the Acknowledgement — economic stimulus tax rebates, employment bonuses, or any other payments received during the case — are similarly not projected disposable income to be paid over to Trustee as a prerequisite to confirmation. In sum, Debtors argue that the Acknowledgement should no longer be required in this District and that their Plans should be confirmed without further requirements.

The Chapter 13 Trustee argues the Acknowledgement is an important part of case administration in this District, which has not been overruled or otherwise made inapplicable by recent case law. Trustee provided an extensive history of and background for the Acknowledgement. Case law in this District had established that income tax refunds, bonuses and other income were projected disposable

5

income to be distributed as part of plan payments.   The Court allowed debtors to request permission by motion to keep any tax refunds, rebates, bonuses, or other income for personal use.   The Court prepared the Acknowledgement form to address a number of problems that had arisen under that case law and procedure. There had been a large number of motions and applications to use the "extra" money from all those sources.   Many debtors already had spent the money at the time they made the request for authority to use the money.   This often left no viable way for debtors to repay the funds by the end of the plan if the Court denied the motion to use the money.

    The Acknowledgement has been used for the last couple of years.   Trustee notes that the problems addressed by the Acknowledgement have diminished significantly during that time.   Trustee also notes significant income tax refund and bonus money had been collected and distributed for the benefit of unsecured creditors during that period.   Further, Trustee argues that the Acknowledgement is not inconsistent with either Hamilton v. Lanning, or Moffett.   Trustee believes her Objections to Confirmation should be sustained and the Plans should not be confirmed until the Acknowledgement is signed.

    The U.S. Trustee was present at the confirmation hearings when these issues were first brought to the Court's attention.   The Court asked the U.S. Trustee for

6

comment and input on the issue. The U.S. Trustee provided responsive comments, and then later participated in the telephonic argument on the issue and submitted briefing to the Court. The U.S. Trustee's position is similar to that of the Chapter 13 Trustee. The U.S. Trustee also points out that other Courts have required debtors to turn over tax refunds and other similar forms of income to the trustee in order to prevent abuse and manipulation of their tax withholdings. The U.S. Trustee noted the specific concern was that larger withholdings would reduce disposable income payable to the plan, and debtors could then recover larger refunds for their own use if the refunds were not treated as disposable income under the plan. The U.S. Trustee offered an alternative acknowledgement for the Court's consideration to address those problems and concerns. Debtors have resisted the U.S. Trustee's alternative acknowledgement and note it is not supported by any authority.

## CONCLUSIONS OF LAW AND DISCUSSION

While this case presents many difficult and interesting issues that stem from or are related to the Acknowledgement, the main issue — if not the sole issue — here is whether Debtors must sign and submit the Acknowledgement as a prerequisite to Plan confirmation. Debtors have specifically argued that the

Acknowledgement improperly provides a per se rule requiring funds that are not projected disposable income to be turned over to Trustee. The Court agrees with Debtors that the Acknowledgement language sweeps too broadly after <u>Hamilton v. Lanning</u>, and will no longer be required.

In <u>Hamilton v. Lanning</u>, the Supreme Court decided the meaning of the phrase "projected disposable income." 130 S. Ct. at 2469–73. The Supreme Court noted that "if an unsecured creditor or bankruptcy trustee objects to confirmation, § 1325(b)(1) requires the debtor to either pay unsecured creditors in full or to pay all 'projected disposable income' to be received by debtor during the duration of the plan." <u>Id</u>. at 2469. The specific issue for the Supreme Court to decide was "how a bankruptcy court should calculate debtors' 'projected disposable income'." <u>Id.</u> There had been a split of an approach in the lower courts. Some courts had adopted a mechanical approach while others adopted the forward-looking approach. <u>Id</u>. The Supreme Court concluded that "the 'forward looking approach' is correct." <u>Id</u>.

The Bankruptcy Code does not define "**projected** disposable income." BAPCPA left the term "projected disposable income" undefined, but did specify in some detail how "disposable income" is to be calculated. <u>See</u> <u>Hamilton</u>, 130 S. Ct. at 2469.

> "Disposable income" is now defined as the "**current monthly income** received by the debtor" less **amounts**

> **reasonably necessary to be expended** for the debtor's maintenance and support, for qualifying charitable contributions, and for business expenditures.

Hamilton, 130 S. Ct. at 2469 (citing 11 U.S.C. § 1325(b)(2)) (emphasis added).

> "Current monthly income," in turn, is calculated by averaging the debtor's monthly income during what the parties refer to as the 6-month look-back period, which generally consists of the six full months preceding the filing of the bankruptcy petition.

Hamilton, 130 S. Ct. at 2470 (citing 11 U.S.C. § 101(10A)).

> The phrase "**amounts reasonably necessary to be expended**" in § 1325(b)(2) is also newly defined. For a debtor whose income is below the median for his or her State, the phrase includes the full amount needed for "maintenance or support," see § 1325(b)(2)(A)(i), but for a debtor with income that exceeds the state median, only certain specified expenses are included.

Hamilton, 130 S. Ct. at 2470 (emphasis added).

"When a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in a debtor's income or expenses that are **known or virtually certain** at the time of confirmation." Id. at 2478 (emphasis added). Debtors argue that under Hamilton v. Lanning, a debtor's tax returns, stimulus rebates, bonuses, or other forms of income covered by the Acknowledgement cannot, as the Acknowledgement suggests, be presumptively treated as projected disposable income. In sum, Debtors argue that these items do not constitute

9

"changes in the debtors' income or expenses that are known or virtually certain at the time of confirmation." See id. at 2478. This Court agrees with Debtors on that narrow point.

The "forward-looking" approach adopted by the Supreme Court allows courts to use the six-month look-back period for income and expenses specified in the statute and then adjust it for changes in income or expenses that are "known or virtually certain at the time of confirmation." Id. It is, by its very nature, a case-by-case approach to determining what constitutes projected disposable income. The Acknowledgement arguably establishes a per se rule or a presumption that is inconsistent with that case-by-case approach. The Acknowledgement appears to identify these tax refunds and related funds as presumptively being projected disposable income. Under Hamilton v. Lanning, such items or funds may only be treated as projected disposable income if they are "known or virtually certain at the time of confirmation." As such, the Acknowledgement will no longer be required as a prerequisite to confirmation.

This conclusion, however, does not go as far as Debtors suggest or request. They have argued that Hamilton v. Lanning, and the way it was interpreted in this Court's decision in In re Moffett, demonstrate that tax refunds no longer can be considered projected disposable income. In particular, Debtors argue that the

10

<u>Moffett</u> case "clearly and unequivocally established that tax refunds are not known or virtually certain." <u>Debtor's Consolidated Brief</u> at page 13. The Court addresses the related issues argued by the parties to provide clarity moving forward. Trustee has reasserted the validity of the long-held view in this District and Circuit that tax returns constitute projected disposable income. <u>See</u> <u>In re Kruse</u>, 406 B.R. 833, 837 (Bankr. N.D. Iowa 2009) (citing <u>Rowley v. Yarnall</u>, 22 F.3d 190, 193 (8th Cir. 1994)). Trustee argues nothing has changed or overruled these cases.

The Court concludes that neither Trustee's nor the Debtors' arguments are entirely correct on this issue. As noted above, <u>Hamilton v. Lanning</u> establishes a case-by-case analysis that is not subject to the "always" or "never" projected disposable income conclusion the parties argue for here. In some cases, tax refunds may constitute projected disposable income under the applicable test, and in some cases they may not.

The Court disagrees with Debtors that <u>Moffett</u> clearly and unequivocally established that tax refunds could never be "known or virtually certain" even to qualify as projected disposable income. As the U.S. Trustee and Chapter 13 Trustee point out, <u>Moffett</u> addressed a very different issue and discussed projected disposable income only in its analysis of that issue. In <u>Moffett,</u> the question was whether the debtors' proposal to pay 100% of the amount of unsecured claims with

11

property of a value that appeared to be less than 100% certain satisfies 11 U.S.C. § 1325(b)(1)(A). In determining whether sufficient funds were committed to establish a 100% repayment, the Court noted that the analysis is similar to the analysis for feasibility under § 1325(a)(6). Moffett at *3. The standards for feasibility require a level of specificity regarding the funds and debtor's source to fund the plan. Id. The Court looked to Hamilton v. Lanning for some guidance on the standard to be used to determine if a proposed future funding source was sufficiently established to remove it from the realm of speculation. Id. at *4. In determining "projected disposable income" under § 1325(b)(1)(B), a court may take into account dissipated changes in debtor's financial condition "that are known or virtually certain at the time of confirmation." Id. (quoting Hamilton v. Lanning, 130 S.Ct. at 2467–78). The Court noted Hamilton v. Lanning did not address the § 1325(b)(1)(A) issue before the Court in Moffett. The Court used these standards as a guideline in analyzing the somewhat-related question that arose under § 1325(b)(1)(A).

This Court in Moffett, however, did not conclude that tax returns are never known or virtually certain as Debtors suggest in these cases. Instead, the Court noted that the appropriate standard under § 1325(b)(1)(A) requires property of "a value" which contemplates "quantifiable property that can be added together to

12

achieve a 100% dividend." Id. at *5. To achieve this 100% dividend "means that the property must have distinct monetary worth." Id. The Court noted "Debtors' plan does not establish a distinct monetary worth for those possible or even probable future tax returns." Id. The Court concluded that a statement of the amount of past refunds standing alone is insufficient evidence of a value for future returns. Id. The Court specifically concluded that "[t]he plans proposed a 100% dividend that includes 'any future tax refunds' is simply impossible to value without further evidence." Id. The Court also reiterated that courts should avoid interpretations of the Bankruptcy Code that "would produce the senseless result of denying creditors payments that debtors could easily make." Id. at *6 (quoting Hamilton v. Lanning). The Court held that debtors failed their burden of showing they proposed a feasible and full 100% payment plan. The Debtors are thus incorrect in asserting that this Court has adopted a rule that clearly and unequivocally establishes that tax refunds are never known or virtually certain and therefore must be excluded from projected disposable income.

The Court has discovered no case decided after Hamilton v. Lanning that adopts Debtors' argument that future tax refunds are never projected disposable income. In fact, the limited number of cases addressing the issue since Hamilton v. Lanning appear to disagree with Debtors' position. In re Skougard, 438 B.R. 738,

13

741–42 (Bankr. D. Utah 2010) (concluding the tax refund income should be included in calculating projected disposable income); In re Barbutes, 436 B.R. 518, 529–30 (Bankr. M.D. Tenn 2010) (any future tax refunds of debtor had to be considered as projected disposable income and dedicated to the plan).

Cases from the Eighth Circuit and this jurisdiction addressing these particular issues appear to be unaffected by Hamilton v. Lanning. In particular, the Eighth Circuit's decision in Education Assistance Corp. v. Zellner, 827 F.2d 1222 (8th Cir. 1987), specifically addressed these tax refund issues and was cited with approval in Hamilton v. Lanning. See 130 S. Ct. at 2470, n.4. In Zellner, the Eighth Circuit addressed an argument by a creditor objecting to the Chapter 13 plan for, among many other reasons, debtor not including his future tax refunds and salary increases in projected disposable income. Id. at 1226. The Eighth Circuit resolved that objection by turning to the burden of proof. Id. "The creditor objecting under § 1325(b) has, at a minimum, the initial burden of producing satisfactory evidence to support the contention that debtor is not paying all of its disposable income to the plan payments." Id. (quoted source omitted). The court found the creditor "presented no evidence to support its claim that [debtor] overestimated his expenses and provided insufficient evidence 'on the likelihood or amount of future raises or tax refunds.'" Id. The court concluded, on that particular evidentiary record, that

14

the future raises or tax refunds were "speculative" and would not be included in the court's determination of projected disposable income. The court then left open the possibility of modification in the future if the creditor has proper supporting evidence or there is a substantial change in debtor's circumstances. See Id.

In subsequent years, Zellner was cited and adopted in other cases (including cases in this District) addressing the future tax refund and future disposable income issues. The Ninth Circuit B.A.P. cited Zellner in discussing this exact issue. In re Heath, 182 B.R. 557, 561 (B.A.P. 9th Cir. 1995) (citing Zellner on the burden of a creditor to demonstrate that the tax refund would constitute projected disposable income when debtor is not paying it). The Ninth Circuit B.A.P. then went on to provide the following method for handling issues of proof and the standards for establishing the proof required in this setting:

> It would not seem difficult for a Chapter 13 trustee to determine the debtor's potential for receiving a tax refund during plan years. For example, demonstrating that in prior years the debtor has consistently received a tax refund under similar withholding practices and income levels, would be sufficient to shift the burden to the debtor to show that no tax refund is projected. Such a showing would turn the speculative receipt of a tax refund into a predicted source of income, in compliance with Anderson. The debtor would then have the ultimate burden to show that despite the receipt of refunds in prior years, circumstances during the plan make it unlikely that a refund will be received. If the debtor is overwithholding, the Chapter 13 trustee may object to the plan on the

15

> grounds that the plan is not proposed in good faith under Section 1325(a)(3) and the debtor has not committed all disposable income to the plan as required by Section 1325(b)(1)(B).

Heath, 182 B.R. at 561 (cited sources omitted).  Heath relied heavily on Anderson v. Satterlee (In re Anderson), 21 F.3d 355, 358 (9th Cir. 1994).

In this District, Judge Edmonds' decision in In re McElroy, 410 B.R. 885 (Bankr. N.D. Iowa 2008) addressed why tax refunds normally should be treated as projected disposable income.  Id. at 886–87.  Judge Edmonds quoted and relied on Zellner and the Ninth Circuit's Anderson decision in reaching his conclusions. While Judge Edmonds' rationale for treating tax refunds as projected disposable income may arguably be slightly qualified by the Supreme Court's language in Hamilton v. Lanning, it is largely consistent with the principles the Supreme Court adopted.

This is not to say that Hamilton v. Lanning has had no effect on determining whether tax refunds can be treated as projected disposable income.  The Supreme Court made clear that the measurement is whether the future refund is, under the record, known or virtually certain to occur.  To the extent that this Court and the Eighth Circuit have previously applied a rule that presumptively treats future tax refunds as projected disposable income, they have been modified by the test adopted in Hamilton v. Lanning.  See Kruse, 406 B.R. at 837 (citing Rowley, 22 F.3d at

16

193).   In Kruse, this Court concluded that "actual income tax refund[s] received during the term of a Chapter 13 plan are projected disposable income."   400 B.R. at 837.   The Supreme Court's adoption of the "known or virtually certain" standard and citation of Zellner indicates, at a minimum, there are certain situations where debtors' future tax refunds are too speculative to constitute projected disposable income.

In Kruse, this Court relied largely upon the Eighth Circuit's decision in Rowley.   In Rowley, the Eighth Circuit held (without citing Zellner) that the similar "Chapter 12 disposable income provision requires a plan to promise to pay the disposable income that is received, not merely what is predicted to be received." Rowley, 22 F.3d at 193 (cited by Kruse, 400 B.R. at 837).   The test adopted in Hamilton v. Lanning for calculating "projected" disposable income shows that it is not equivalent to income actually received during the plan period.   It requires "projected" — not actual income to be paid.   As such, the holding from Rowley adopting the "actual income received" appears to have been effectively overruled by Hamilton v. Lanning.   Other cases relied upon by this Court in Kruse, including the Tenth Circuit ruling in In re Midkiff, 342 F.3d 1194, 1202 n.4 (10th Cir. 2003), also appear to have been at least called into question, if not effectively overruled, by Hamilton v. Lanning.   Those cases had adopted a bright line rule that future tax

17

refunds are always projected disposable income. This is inconsistent with the case-by-case analysis inherent in the "forward-looking" approach adopted by the Supreme Court.

The discussion of and authority relating to tax refunds appears to apply to a large degree to the other forms of income identified in the Acknowledgement — stimulus payments, tax rebates, job bonuses, or other increases in payments of income. Zellner, for example, addressed both tax refunds and salary increases. 827 F.2d at 1226. In McElroy, Judge Edmonds specifically noted projected disposable income is not "whatever disposable income debtors actually receive during the applicable chapter 13 plan period." 410 B.R. at 847. He noted that "[s]ection 1325(b)(1)(B) requires only that debtor provide for payment of all projected disposable income as calculated at the time of confirmation, not that debtor will provide all actual disposable income." Id. (citing Anderson, 21 F.3d at 358). He cited Zellner for the proposition that "future income which is too speculative is not included in projected income." Id. (citing Zellner, 827 F.2d at 1226). Thus, the stimulus payments, job bonuses, or other tax rebates referred to in the Acknowledgement must be analyzed under the "known or virtually certain" standard to determine if they should be paid to the trustee or retained by the debtor.

18

There is no factual record in the cases here on any of the "future" income issues. Thus, there is no ability to determine if any of those items are "known or virtually certain to exist." As noted, the only issue directly before the Court is whether the Acknowledgement is still a prerequisite to confirmation. That issue has been resolved.[1]

Given that there is no longer a presumption or per se rule on future tax refunds or other future income sources, the Court is uncertain whether the Chapter 13 Trustee has any evidence to present about those items in these cases. The Chapter 13 Trustee will be given 14 days from the date the decision is filed to inform the Court whether there are any such arguments here.

**WHEREFORE**, the Objections to Confirmation of Debtors' Plans are OVERRULED.

**FURTHER**, the Chapter 13 Trustee is given 14 days from the date of this decision to inform the Court of any arguments regarding Debtors' Plans or to submit

---

[1] The holding in these cases does not close the door to other procedures — or even new Acknowledgement Forms — that attempt to address some of the concerns giving rise to the adoption of the Acknowledgement. Those concerns were and continue to be: (1) that future funds (like tax refunds) received by debtors could be disposable income to pay over to the Trustee; and (2) debtor spending those funds that are later determined to be disposable income and the potential serious consequences for the debtor. Proactive procedures to avoid these unnecessary disputes and the attendant costs to the parties would be welcomed by the Court.

to the Court a proposed confirmation order confirming each of these Debtors' Chapter 13 Plans.

Dated and Entered: September 15, 2011

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE